1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REZA CLINTON TALI,<br><br>Plaintiff,<br><br>v.<br><br>JACQUELINE LIAO, et al.,<br><br>Defendants. | Case No. 18-CV-00330-LHK<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS WITH<br>PREJUDICE**<br><br>Re: Dkt. No. 27 |

Plaintiff Reza Clinton Tali brings this civil rights suit against Defendants County of Santa Clara, Jacqueline Liao, Monica Jessup, Sarah Gregg, and Does 1-100 (collectively, "Defendants"). Tali alleges that the Defendants acted illegally to remove his son from his care. Before the Court is Defendants' motion to dismiss. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Defendants' motion to dismiss with prejudice.

I.      **BACKGROUND**

   A. **Factual Background**

      In November 2016, the Santa Clara County Department of Family and Children's Services ("DFCS") opened an investigation after Tali's ex-wife allegedly attempted suicide while holding Tali's newborn son Miles. ECF No. 23 at ¶ 16 ("FAC"). From Tali's allegations, it is unclear how

this 2016 investigation was resolved.

In March 2017, DFCS began another investigation, this time based on Tali's ex-wife's allegations of domestic violence against Tali. *Id.* at ¶¶ 16, 17. Tali alleges that investigating DFCS social worker Jacqueline Liao did not consider his ex-wife's history of domestic violence, mental health issues, or marriage issues. *Id.* at ¶ 16. Rather, Tali claims that Liao "aided" his ex-wife in her false claims. *Id.* On March 22, 2017, DFCS social worker Monica Jessup was assigned to the investigation, but Jessup's investigation was also allegedly "one-sided, and induce[d] [sic] gender inequality." *Id.* at ¶ 17. Jessup was purportedly preparing to obtain a warrant to remove Tali's son Rylan from Tali's custody based on Tali's ex wife's "mere allegations of domestic violence, and without assessing or interviewing [Tali]." *Id.* On March 30, 2017, Jessup removed Tali's son Rylan from Tali's custody. *Id.* at ¶ 19.

On April 14, 2017, DFCS social worker Sarah Gregg held a team decision meeting. *Id.* at 21. At this meeting, Tali's attorney objected to having Rylan placed with Tali's mother and stepfather. On April 24, 2017, Gregg interviewed Tali regarding the domestic violence allegations and reportedly "intimidated" Tali by threatening him with a mental health assessment and drug testing. *Id.* at ¶¶ 21, 27. Tali also alleges that Gregg failed to inform him of the policies and procedures relating to parenting classes and falsified her report to the court, which led the judge to decide not to return Rylan into Tali's custody. *Id.* at ¶¶ 23, 24. In July 2017, Rylan was placed with Tali's mother and stepfather, purportedly because Gregg wanted to punish Tali for complaining about Gregg to her supervisor. *Id.* at ¶¶ 21, 26.

Tali brings three claims: (1) violations of his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 against DFCS, the individual defendants, and Does 1 through 100; (2) a *Monell* claim against Santa Clara County and Does 1 through 50; and (3) declaratory relief against all Defendants.

**B. Procedural History**

On January 16, 2018, Tali filed his first complaint. ECF No. 1. On February 16, 2018, the Defendants filed their first motion to dismiss. ECF No. 9. However, Tali never responded to the

Case No. 18-CV-00330-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE

first motion to dismiss. On June 7, 2018, the Court granted the first motion to dismiss with leave to amend, allowing Tali to file an amended complaint "curing the deficiencies identified in Defendant's motion to dismiss." ECF No. 19. On July 3, 2018, Tali filed the first amended complaint. ECF No. 23 ("FAC").

On July 17, 2018, the Defendants moved to dismiss the FAC. ECF No. 17 ("Mot."). Tali's opposition brief was filed on August 27, 2018. ECF No. 31 ("Opp."). Defendants' reply was filed on September 4, 2018. ECF No. 32 ("Reply").

## II.    LEGAL STANDARD

### A.    Motion to Dismiss under Rule 12(b)(1)

A defendant may move to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. While lack of statutory standing requires dismissal for failure to state a claim under Rule 12(b)(6), lack of Article III standing requires dismissal for want of subject matter jurisdiction under Rule 12(b)(1). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* The Court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "[I]n a factual attack," on the other hand, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. "In resolving a factual attack on jurisdiction," the Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* The Court "need not presume the truthfulness of the plaintiff's allegations" in deciding a factual attack. *Id.* Once the defendant has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing the

3

United States District Court
Northern District of California

Court's jurisdiction. *See Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

**B. Leave to Amend**

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

**III.   DISCUSSION**

Tali brings three claims: (1) violations of his Fourth and Fourteenth Amendment rights against DFCS, the individual defendants, and Does 1 through 100 pursuant to 42 U.S.C. § 1983; (2) a *Monell* claim against Santa Clara County and Does 1 through 50 pursuant to 42 U.S.C. § 1983; and (3) declaratory relief against all Defendants. Defendants argue that this Court is without jurisdiction to hear all three of Tali's claims because of the *Rooker-Feldman* doctrine. The Court agrees with Defendants.

Under the *Rooker-Feldman* doctrine, a federal district court lacks authority to review the final determinations of a state court in judicial proceedings. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline

*United States District Court*
*Northern District of California*

jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *Feldman*, 460 U.S. at 482 n.16). The *Rooker-Feldman* doctrine precludes not only review of decisions of the state's highest court, but also those of its lower courts. *See Dubinka v. Judges of Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994). The doctrine also applies when federal constitutional issues are at stake. *Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995). A challenge under the *Rooker-Feldman* doctrine is a challenge for lack of subject matter jurisdiction. *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998).

The *Rooker–Feldman* doctrine applies when a plaintiff in federal court alleges a "de facto appeal" by (1) asserting errors by the state court as an injury, and (2) seeking relief from the state court judgment as a remedy. *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1139–40 (9th Cir. 2004). "A federal action constitutes such a *de facto* appeal where 'claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.'" *Reusser v. Wachovia Bank, N.A.,* 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Bianchi v. Rylaarsdam,* 334 F.3d 895, 898 (9th Cir. 2003)). "The *Rooker–Feldman* doctrine, generally speaking, bars a plaintiff from bringing a § 1983 suit to remedy an injury inflicted by the state court's decision." *Loumena v. Kennedy*, 2015 WL 906070, at *5 (N.D. Cal. Feb. 27, 2015) (quoting *Jensen v. Foley*, 295 F.3d 745, 747 (7th Cir. 2002)). The doctrine may apply even when the merits of a state court decision are not *directly* contested. *Reusser*, 525 F.3d at 859 (emphasis added).

Here, the gravamen of Tali's allegations is that the Defendants conspired and lied to illegally remove Tali's child from his care. *See, e.g.*, FAC at ¶¶ 32-33 (alleging that the Defendants unlawfully seized and detained Tali's child, causing Tali injury); *id.* at ¶ 39 (alleging a Fourteenth Amendment violation because Tali's child was removed "without proper or just cause," causing Tali injury); *id.* at ¶¶ 44(h), 46 (claiming that Santa Clara County breached its duties to Tali through its "policy of making false allegations in a Juvenile Dependency Petitions

[sic]"). *id.* at p. 18 (requesting that Santa Clara County's application of the California Welfare and Institutions Code be declared unconstitutional as applied). Tali seeks general and punitive damages, as well as injunctive relief. *Id.* at pp. 17-18.

Although Tali alleges that the various Defendants, not the state court, caused his injuries, this is a distinction without a difference. Tali's federal allegations of Defendants' purported misconduct are inexorably intertwined with the state court custody decision because "adjudication of the federal claims would undercut the state ruling." *Reusser*, 525 F.3d at 859.

In *Cooper v. Ramos*, the Ninth Circuit held that the *Rooker-Feldman* doctrine applied to an appellant, convicted of murder, who sued in federal court to challenge a state court's denial of his request to obtain additional DNA testing pursuant to a state statute. 704 F.3d 772, 775 (9th Cir. 2012). In the *Cooper* appellant's federal complaint, he alleged a conspiracy on the part of the district attorney and state criminalist to deny him access to the additional DNA testing. *Id.* at 781. This conspiracy allegedly violated his procedural due process rights. *Id.* In finding that appellant's federal claim was barred by *Rooker-Feldman*, the Ninth Circuit held that "[appellant's] present attempt to hold [the district attorney and the state criminalist] liable for conspiracy in the state court proceeding that he lost is a claim 'inextricably intertwined' with the Superior Court's order denying his request for DNA testing." *Id.* at 782. Furthermore, because appellant's claim "succeeds only to the extent that the state court wrongly decided the issues before it and federal relief can only be predicated upon a conviction that the state court was wrong, [appellant] cannot escape the reality that his . . . claim is inextricably intertwined with the state court decision." *Id.* (internal quotations and citations omitted).

Here, like in *Cooper*, Tali's federal claims are inextricably intertwined with the state court custody decision. Tali claims that Defendants plotted against him to take his child away. *See, e.g.*, FAC at ¶ 39 ("Defendants, and each of them, maliciously conspired to violate the civil rights of the Plaintiff . . . ."). But in making these allegations against the Defendants, Tali is actually attacking the state court custody decision. Per California law, the state court decision necessarily relied on Defendants' investigation. *See, e.g.*, Cal. Welf. & Inst. Code § 325 ("A proceeding in the

United States District Court
Northern District of California

juvenile court . . . is commenced by the filing with the court, by the social worker, of a petition . . . ."); *id.* § 329 ("The social worker shall immediately investigate as he or she deems necessary to determine whether proceedings in the juvenile court should be commenced."). Because the state court relied upon Defendants' investigation, Tali cannot avoid *Rooker-Feldman* issues by alleging in his federal complaint that the Defendants illegally conspired with each other in the state custody case to take away his child. Analogously, the *Cooper* appellant could not avoid *Rooker-Feldman* problems just because the appellant's federal complaint alleged that the criminalist and district attorney conspired against him to prevent him from obtaining additional DNA testing in state court. 704 F.3d at 782. Here, if the Defendants wrongfully conspired with each other to deny Tali his constitutional rights as Tali alleges, then the necessary conclusion is that the state court erred in relying on Defendants' evidence.

Furthermore, Tali impermissibly calls on the Court to "interpret the application of state laws or procedural rules." *Reusser*, 525 F.3d at 859. To arrive at the conclusion that Tali's child was unlawfully taken from him, the Court would need to interpret California's Welfare and Institutions Code to determine whether removal was unlawful. Underscoring the fact that Tali's claims are intertwined with the state court's custody decision, Tali requested the following relief in his original complaint: 50% custody of his son, expungement of the domestic violation allegations against him and to clear his name as a perpetrator, and a demand for $60,000 for lost time at work, therapy, courses, lawyer's fees and trauma. ECF No. 1 at 7. In sum, because Tali's claims here are inexorably intertwined with the state court's custody decision, the Court lacks subject matter jurisdiction to hear Tali's claims.

In Defendants' first motion to dismiss, Defendants noted that the *Rooker-Feldman* doctrine barred the claims in Tali's initial complaint. ECF No. 9 at 6-7. In the Court's order granting Defendants' first motion to dismiss Tali's initial complaint, the Court granted Tali leave to amend to "cur[e] the deficiencies identified in Defendant[s' first] motion to dismiss." ECF No. 19 at 2. Tali has failed to cure the deficiencies identified in Defendants' first motion to dismiss because Tali has still failed to state claims not barred by the *Rooker-Feldman* doctrine. Also, even given

United States District Court
Northern District of California

leave to further amend, Tali cannot avoid the fact that the foundations of his factual allegations necessarily implicate the *Rooker-Feldman* doctrine. Judicial review of what occurred in state court regarding Tali's custody of his child and the domestic violence allegations against Tali is most properly situated in state court, not federal court. Thus, Tali's failure to cure the deficiency, as well as the facts of his case, render further amendment futile. Furthermore, it would be unduly prejudicial to require the Defendants to file a third motion to dismiss raising meritorious *Rooker-Feldman* issues. Therefore, because amendment of the claims would be futile and unduly prejudicial to the Defendants, the Court dismisses this action with prejudice. *Leadsinger, Inc.*, 512 F.3d at 532.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendants' motion to dismiss with prejudice.

**IT IS SO ORDERED.**

Dated: November 5, 2018

_Lucy H. Koh_____
LUCY H. KOH
United States District Judge

United States District Court
Northern District of California